**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3574
_____

MILKA A. ANDERSON,

Appellant

v.

THE BOEING COMPANY

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(District Court No.: 2:15-cv-03073)
District Judge:  Honorable Legrome D. Davis
_____

Submitted under Third Circuit LAR 34.1(a)
on April 28, 2017

Before: McKEE, VANASKIE, AND RENDELL, Circuit Judges

(Opinion filed: June 19, 2017)

———————
O P I N I O N[*]
———————

**RENDELL**, Circuit Judge

I. Introduction

Appellant Milka A. Anderson ("Anderson") challenges the grant of summary judgment in favor of her former employer, The Boeing Company ("Boeing"), which she sued for discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 1981 ("§ 1981"), and the Pennsylvania Human Relations Act ("PHRA").[1] Because we agree with the District Court that none of Anderson's claims has merit, we will affirm.

The parties are familiar with the facts and procedural posture to date, and we will not repeat them.[2] We exercise plenary review over a district court's grant of summary judgment, applying the same standard that the district court should have applied. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001). A court

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Anderson also sued Boeing for Intentional Infliction of Emotional Distress but has not appealed the District Court's grant of summary judgment to Boeing with respect to that claim.

[2] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332(a). We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

grants summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II. Discrimination and Retaliation Claims

The District Court correctly articulated the standard for reviewing Anderson's discrimination and retaliation claims under Title VII, the PDA,[3] § 1981, and the PHRA: Because all of the claims are based on circumstantial rather than direct evidence of discrimination, they are all subject to the three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[4] The first part of the *McDonnell Douglas* test imposes a burden of production on the employee to establish a prima facie case of discrimination or retaliation, which, if successful, raises an inference of discrimination or retaliation.[5] 411 U.S. at 802. After a prima facie case is established, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action or decision. *Id.* If the employer successfully

---

[3] Title VII prohibits employment discrimination because of or based on, *inter alia*, an individual employee's sex. 42 U.S.C. § 2000e–2(a). The PDA is an amendment to Title VII stating that the terms "because of sex" or "on the basis of sex" "include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k).

[4] Claims brought under Title VII, the PDA, § 1981, and the PHRA are analyzed coextensively. *See, e.g.*, *Mikell v. Marriott Int'l, Inc.*, 789 F. Supp. 2d 607, 614 (E.D. Pa. 2011) (applying *McDonnell Douglas* framework to claims under Title VII, § 1981, and the PHRA); *Jones v. Hosp. of Univ. of Pa.*, No. 03-cv-4938 (RBS), 2004 WL 1773725, at *3 (E.D. Pa. Aug. 5, 2004) (applying *McDonnell Douglas* framework to a discrimination claim under the PDA).

[5] We have applied the *McDonnell Douglas* framework to claims of both discrimination and retaliation. *See Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 645–46 (3d Cir. 2015) (discrimination); *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (retaliation).

3

articulates one, the burden returns to the employee, who must show by a preponderance of the evidence that the employer's proffered reason is pretextual. *Id.* at 804.

A prima facie case of discrimination or retaliation requires a showing of an adverse employment action.[6] The adverse employment action is subject to specific temporal requirements. Title VII requires a claimant to file a complaint with the EEOC within 300 days of the alleged unlawful employment practice, and "[d]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (internal citation and quotation marks omitted). Similarly, "[t]o bring suit under the PHRA, an administrative complaint must first be filed with the [Pennsylvania Human Relations Commission] within 180 days of the alleged act of discrimination." *Id.* at 164 (citing 43 Pa. Stat. § 959(h)). Section 1981 claims are subject to a four-year statute of limitations but not a comparable administrative exhaustion requirement. 28 U.S.C. § 1658; *see also Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004).

The District Court's thorough assessment of Anderson's employment history at Boeing yielded the correct conclusion that, because of these timeliness requirements, the only alleged adverse action relevant to Anderson's discrimination and retaliation claims under Title VII, the PDA, and the PHRA is Anderson's termination in 2013 that was

---

[6] (*See* A. 19 (explaining what constitutes an adverse employment action in both the discrimination and retaliation contexts).)

4

done as part of Boeing's reduction in force ("RIF"). [7]  We therefore will only consider

the 2013 termination for purposes of the discrimination and retaliation claims brought

under Title VII and the PHRA.  (Because § 1981 contains a relatively longer four-year

statute of limitations, all alleged events occurring on or after June 2, 2011 are timely for §

1981 purposes but ultimately are not sufficient to form the basis of a meritorious claim

under that statute.[8])

   1.  Discrimination

We now turn to Anderson's argument on appeal that she did indeed establish a

prima facie case with respect to her pregnancy-, gender-, race-, and national origin-based

discrimination claims.  A prima facie case of discrimination under Title VII and the

PHRA in the context of a RIF requires an employee to show:  (1) membership in a

protected class; (2) qualification for the position; (3) an adverse employment action; and

---

   [7] Anderson argues that the District Court erred by failing to apply the "continuing
violation" doctrine—which is an "equitable exception to the timely filing requirement,"
*Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (internal citation omitted)—to
her discrimination and retaliation claims.  Because Anderson did not argue that the
doctrine should be applied to those claims when she was before the District Court,
instead only arguing that it should apply to her hostile work environment claim, we find
that any contention on appeal that the continuing violation doctrine should apply to
Anderson's discrimination and retaliation claims has been waived.  *See Shell Petroleum,
Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999).

   [8] When confronted with a § 1981 claim, we ask whether the actions at issue qualify as
sufficiently adverse under the law.  We fully agree with the District Court's analysis that
"[t]he few actions that may have occurred after June 2, 2011—specifically, scolding,
shunning, requiring attendance at counseling sessions, and calling Anderson a liar—are
not sufficiently adverse actions.  Though perhaps unpleasant, these actions did not result
in significant changes in Anderson's employment status, nor are they the type of actions
that tend to dissuade employees from raising a discrimination claim." (A. 22 n.12
(internal citations omitted).)

5

(4) retention by the employer of similarly situated employees outside of the relevant protected class. *In re Carnegie Ctr. Assocs.*, 129 F.3d 290, 294–95 (3d Cir. 1997).

The relevant timeline for purposes of Anderson's pregnancy claim is that she gave birth on April 5, 2010 and was terminated three years later on April 18, 2013. Her pregnancy-based claim fails because she has not shown that she was either pregnant at or near the time of her termination, or that she remained affected by a pregnancy- or childbirth-related medical condition. *See Solomen v. Redwood Advisory Co.*, 183 F. Supp. 2d 748, 753–54 (E.D. Pa. 2002) (noting that "[w]hen the employee is not pregnant at or around the time that she suffers the alleged adverse employment action, her membership in the protected class is less clear," granting summary judgment to employer on PDA claim where employee gave birth more than 11 months before termination, and citing cases with comparable outcomes); *Kenney v. Ultradent Prods., Inc.*, No. 05-1581 (RMB), 2007 WL 2264851, at *5 (D.N.J. Aug. 6, 2007) (granting summary judgment to employer on PDA claim where employee gave birth 18 months before adverse employment action). Anderson's argument on appeal that "the timing of the termination should not be the sole dispositive factor as to whether pregnancy[-based] discrimination took place" is technically correct (Appellant's Br. 32), but she fails to advance her claim with the requisite showing in the alternative that something about her pregnancy continued to affect her three years after her child's birth. To the contrary, her allegations—particularly with regard to treatment by her supervisors in performance reviews—are contradicted by the record. We therefore agree with the District Court that

6

Anderson has not made the prima facie showing necessary to advance her pregnancy-based discrimination claim.

Anderson's gender- and race-based discrimination claims fail because she has not fulfilled the fourth criterion of the prima facie showing: retention of similarly situated employees outside of her protected class.[9] To the contrary, the other similarly situated individuals employed by Boeing were *in* the relevant classes, *i.e.*, female and African-American. We therefore hold that the District Court was correct to find that Anderson failed to make a prima facie case with respect to her gender- and race-based discrimination claims.[10]

2. Retaliation

Anderson's retaliation claims do not fare any better. Anderson alleges that she was retaliated against because of her complaints regarding alleged gender-, pregnancy-, race-, and national origin-based discrimination. An employee's retaliation claims are subject to the *McDonnell Douglas* three-part burden-shifting framework discussed *supra*. To satisfy the first part and establish a prima facie case of retaliation, Anderson must prove that she (1) engaged in a protected activity; (2) Boeing took adverse action against

[9] Anderson's brief on appeal appears to concede this failure as she pivots to her alleged mistreatment without fulfilling the criteria of a prima facie case.

[10] With regard to Anderson's national origin-based discrimination claim, Boeing has not contested Anderson's ability to make a prima facie case. The District Court agreed with Boeing that Anderson had failed to show discriminatory animus by Boeing. Though Anderson contends on appeal that this holding was in error, she has not pointed to any evidence in the record to support her argument. Further, we find she has waived this argument given that she did not properly raise it before the District Court. *See Shell Petroleum*, 182 F.3d at 218.

7

her; and (3) a causal link exists between the protected activity and the adverse action. *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006).[11]  The District Court "assume[d] without deciding" that Anderson established a prima facie case of retaliation (A. 45), and focused its analysis on whether Anderson had satisfied the third prong of the *McDonnell Douglas* test, evidence of pretext.  We agree with the District Court's well-reasoned analysis that Anderson has failed to offer more than speculation about any possible pretext, and also note the contradictions between Anderson's contentions and the testimony contained in the record.  We will therefore affirm the District Court's award of summary judgment to Boeing with regard to Anderson's retaliation claims.

### III.  Hostile Work Environment Claim

Anderson asserts that the District Court wrongfully rejected her claims for race- and national origin-based harassment under Title VII, the PHRA, and § 1981, which all "permit claims premised on a showing that discrimination based on a protected characteristic created a hostile or abusive working environment."[12]  (A. 110.)  In order to establish a hostile work environment claim, Anderson must show that (1) she suffered intentional discrimination because of a protected characteristic; (2) discrimination was

---

[11] Anderson's retaliation claim under Title VII, the PDA, and the PHRA are subject to this framework.  She also brings a retaliation claim under § 1981, which carries the additional requirement that Anderson show an underlying § 1981 violation. *Estate of Oliva v. State of New Jersey*, 604 F.3d 788, 789 (3d Cir. 2010).  We agree with the District Court that there is no underlying § 1981 violation.

[12] In her reply brief to the District Court and again on appeal, Anderson also asserts a hostile work environment claim based on "sex (pregnancy and maternity leave)." (Appellant's Br. 23.)  The District Court rightly dismissed this claim, noting that Anderson did not allege this claim in her Complaint and may not belatedly do so now.

8

"pervasive and regular"; (3) it "detrimentally" affected her; (4) "it would have detrimentally affected a reasonable person of the same protected class in [her] position"; and (5) "there is a basis for vicarious liability."[13]  *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001).

We agree with the District Court that "the record is devoid of evidence that could give rise to a finding of race or national origin discrimination in the RIF process" or "support an inference that any of the [non-layoff] actions were improperly motivated by Anderson's race or national origin."[14]  (A. 112.)  The District Court also comprehensively captured our case law regarding the high threshold facing an employee who aims to bring a successful work environment claim.  Anderson's hostile work environment claim thus fails even to get off the ground and we will affirm the District Court's award of summary judgment in favor of Boeing with regard to the claim.

### IV. Conclusion

For the foregoing reasons, we will affirm the District Court's order of summary judgment in favor of Boeing and against Anderson in its entirety.

---

[13] As they are in the context of discrimination and retaliation claims, Title VII, the PHRA, and § 1981 are analyzed coextensively for purposes of a hostile work environment claim.

[14] Like the District Court, we will not address whether all of the alleged events satisfy the timeliness criteria and conduct our analysis assuming that they do.  But unlike the District Court, having found that Anderson's hostile work environment claims do not fulfill even the first of these five criteria, we will not address the subsequent ones other than to note that we agree with the District Court that those too have been left unmet.

9